IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS ENRIQUE ALAMO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 97-3022 |
| | : | |
| FREDERICK K. FRANK, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA | : : : : : | |

NORMA L. SHAPIRO, J.                                                            SEPTEMBER 27, 2012

## MEMORANDUM

Petitioner Luis Enrique Alamo ("Alamo") filed a motion for equitable relief under Federal Rule of Civil Procedure 60(b), 28 U.S.C. § 2243, and Article III of the United States Constitution. Alamo seeks to vacate the January 15, 1999 Memorandum and Order dismissing his petition for federal habeas corpus relief and denying his application for a certificate of appealability ("COA"). The issues are whether the court has jurisdiction to consider his claims and whether the court erred in finding no probable cause to issue a COA. For the reasons set forth below, the equitable relief motion will be denied.

**I.      BACKGROUND**

A state court jury convicted Alamo for first degree murder, criminal conspiracy, corrupt organizations, and possession of an instrument of crime. He was sentenced to life imprisonment on the murder conviction. The Pennsylvania Superior Court affirmed the conviction on direct appeal. *Commonwealth v. Alamo*, 596 A.2d 248 (Pa. Super. Ct. 1991). The Pennsylvania Supreme Court denied Alamo's request for allocatur. *Commonwealth v. Alamo*, 600 A.2d 532

(Pa. 1991). He did not petition the United States Supreme Court for a writ of certiorari.

Alamo sought relief pursuant to the Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541, *et seq.*; his petition was denied. Appealing the denial, he alleged ineffective assistance of counsel for failure to: 1) object to the accomplice liability charge for the murder and possession of an instrument of crime charges; 2) challenge Alamo's waiver of the right to testify; 3) challenge the weight and sufficiency of the evidence; 4) object to a co-conspirator's remarks; and 5) object to the admission of evidence of drug transactions. The Superior Court rejected these grounds. Alamo sought review in the Pennsylvania Supreme Court of: 1) the accomplice liability charge regarding the murder conviction; 2) the weight and sufficiency of the evidence; and 3) the co-conspirator remarks. His petition for allocatur was denied. *Alamo v. Frank*, 1999 WL 79659, at *1 (E.D. Pa. Jan. 15, 1999).

On April 28, 1997, Alamo filed a *pro se* petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254. He challenged the weight and sufficiency of the evidence and asserted ineffective assistance of counsel for failure to object to the jury charge on accomplice liability for murder.[1] The court referred his petition to Magistrate Judge Thomas J. Rueter for a Report and Recommendation ("R&R"). Judge Rueter recommended the petition be dismissed because the evidence was sufficient to convict Alamo of first degree murder and counsel was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Alamo filed

---

[1] Alamo raised two additional grounds in his federal habeas petition: 1) ineffective assistance of counsel for failing to object to the accomplice liability charge regarding the possession of an instrument of crime; and 2) involuntary waiver of his right to testify. Judge Rueter found these claims were procedurally defaulted because Alamo did not include them in his petition for allocatur before the Pennsylvania Supreme Court. R&R at 6. Alamo did not object to Judge Rueter's findings on these claims, and this court did not consider them.

objections to the R&R.

On January 15, 1999, the court approved and adopted the R&R after considering Alamo's objections *de novo*. The court agreed with Judge Rueter that the evidence was sufficient to uphold the murder conviction and that counsel was not ineffective.[2] Alamo's petition for federal habeas corpus relief was denied and dismissed without an evidentiary hearing. The court also found there was no probable cause to issue a COA on either of Alamo's claims. *Alamo*, 1999 WL 79659, at *3. The Third Circuit Court of Appeals denied Alamo's request for an appeal.

Alamo now seeks equitable relief under Federal Rule of Civil Procedure 60(b), 28 U.S.C. § 2243, and Article III of the United States Constitution.

## II.     DISCUSSION

### A.     Federal Rule of Civil Procedure 60(b)

Alamo asserts that the court should have issued a COA for his claim that counsel was ineffective for failing to object to the accomplice liability charge for murder. Alamo claims the court should now grant him a COA under Rule 60(b) in light of several recent decisions of the Court of Appeals.

Rule 60(b) allows a party to seek relief from a final judgment and reopen his or her action. There are six bases for relief. Alamo does not specify which supports his motion, but two could plausibly apply:

>     (1) mistake, inadvertence, surprise, or excusable neglect;
>
>     . . . or

---

[2] The court did not consider whether the weight of the evidence was against Alamo's conviction. Federal courts do not have the power to grant habeas corpus relief based on the weight of the evidence. *See Smith v. Vaughn*, 1997 WL 338851, at *8 (E.D. Pa. June 17, 1997).

>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). To determine whether Alamo is entitled to relief, the court must determine whether his motion is properly characterized as a Rule 60(b) motion or a habeas petition subject to the restrictions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

AEDPA, codified in relevant part at 28 U.S.C. §§ 2241-2266, governs habeas corpus petitions for prisoners in state custody. AEDPA sets out three requirements for second or successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). Although AEDPA does not expressly restrict the operation of Rule 60(b), the statute is made relevant in that Rule 60(b) applies in habeas corpus proceedings only to the extent that it is not inconsistent with applicable federal statutory provisions and rules. *Id.* at 529.

A Rule 60(b) motion is considered a successive habeas application, subject to AEDPA restrictions, if it asserts a "federal basis for relief from a state court's judgment of conviction." *Id.* at 530. Such a motion is similar enough to a habeas petition that treating it differently would be inconsistent with AEDPA. *Id* at 531. A Rule 60(b) motion "seek[ing] to add a new ground for

relief" or "attack[ing] the federal court's previous resolution of a claim *on the merits*" is deemed a petition for habeas corpus. *Id.* at 532.

There is a narrow exception for a Rule 60(b) motion attacking a previous ruling on a non-merits basis (*e.g.*, denial for failure to exhaust or a statute-of-limitations bar). *Id.* at 532 n.4. This kind of motion is a "true" Rule 60(b) motion and is not subject to AEDPA restrictions. *See Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Alamo claims the decision whether to issue a COA is a non-merits decision which falls under the exception. To evaluate his claim, the court must consider the process by which a trial court rules on a COA application.

Under AEDPA, before a petitioner can appeal from the dismissal or denial of a habeas petition, he or she must obtain a COA. 28 U.S.C. § 2253(c). The COA may be issued by either a district or circuit judge. *United States v. Eyer*, 113 F.3d 470, 472-73 (3d Cir. 1997). The deciding court should grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the United States Supreme Court emphasized that, prior to ruling on a COA, the deciding court "should limit its examination to a threshold inquiry into the underlying merit of [the applicant's] claims." The Court emphasized that "a COA ruling is not the occasion for a ruling on the merit of petitioner's claim." *Id.* at 331. Alamo contends that a COA ruling is a non-merits decision.

Alamo misconstrues *Cockrell*. Under his reading, AEDPA "forbids" a trial court from considering the merits of a petition before issuing or denying a COA. Mot. at 11. But *Cockrell*

5

makes clear that, while the scope of examination into the merits is limited prior to a COA ruling, considering the merits is not forbidden; it is required. *Cockrell*, 537 U.S. at 336 ("The COA determination . . . requires an overview of the claims in the habeas petition and a general assessment of their merits." ). Without inquiring into the merits of a petitioner's claims, it would be impossible for a trial court to determine whether a petitioner has made a substantial showing of the denial of a constitutional right. The court necessarily considered Alamo's ineffective assistance of counsel claim and concluded that reasonable jurists could not debate its resolution.

Alamo's challenge to the court's COA decision is similar enough to a habeas petition that treating it as anything else would be inconsistent with AEDPA. Alamo cites several decisions in which the Court of Appeals found that habeas corpus relief should have been granted to argue that the "prior decision were [sic] debatable among reasonable jurists." Mot. at 1; *see, e.g.*, *Laird v. Horn*, 414 F.3d 419 (3d Cir. 2005); *Everett v. Beard*, 290 F.3d 500 (3d Cir. 2002). He challenges the court's resolution of his petition, not "the manner in which the earlier habeas judgment was procured." *Pridgen*, 380 F.3d at 727. The COA decision by this court was *not* a non-merits decision exempt from AEDPA. Alamo's Rule 60(b) claim is a second habeas petition.

As a second habeas petition, Alamo's action is subject to 28 U.S.C. § 2244. He has not moved in the Court of Appeals for an order authorizing the trial court to consider his application. 28 U.S.C. § 2244(b)(3)(A). The court does not have jurisdiction to consider his petition.

**B.     28 U.S.C. § 2243**

Alamo claims the court has equitable powers to revise its own judgment under 28 U.S.C. § 2243. He also argues that AEDPA does not restrict § 2243 because it did not repeal or revise § 2243, and a statute is not subject to the same limitations that apply to Rule 60(b).

These claims are without merit. Section 2243 directs the trial court to "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. It does not provide the trial court with jurisdiction to consider a second or successive habeas petition or reopen a prior habeas judgment, "particularly when doing so would violate the restrictions of AEDPA and the applicable Federal Rules of Civil Procedure." *Rainey v. Wynder*, 2007 WL 2221410, at *4 (E.D. Pa. July 30, 2007).

Alamo is incorrect that the other provisions of AEDPA do not apply to § 2243. When two different provisions of AEDPA could apply to a habeas petition, the more specific provision takes precedence over the more general one. *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001). Section 2244(b) places restrictions on second or successive habeas petitions. Section 2243 does not mention second or successive habeas petitions. Section 2244 takes precedence over § 2243, and Alamo cannot circumvent AEDPA's gatekeeping requirements by relying on § 2243 alone. *See Holloway v. Klopotoski*, 2008 WL 552649 (E.D. Pa. Feb. 28, 2008). The court does not have jurisdiction to vacate its previous habeas judgment under 28 U.S.C. § 2243.

C.    **Article III of the United States Constitution**

Alamo argues that Article III also "confers upon a District Court inherent equitable powers over its own judgment." Mot. at 5. He claims the court is not restricted by AEDPA because the court's inherent equitable powers cannot be constrained by statute or rule.

A district court must have jurisdiction under Article III *and* a federal statute. *West Penn Power Co. v. Train*, 522 F.2d 302, 313-14 (3d Cir. 1975). "Only the jurisdiction of the Supreme Court is derived directly from the Constitution. Every other court created by the general government derives its jurisdiction wholly from the authority of Congress." *Kline v. Burke*

*Constr. Co.*, 260 U.S. 226, 234 (1922). No federal statute provides the court with jurisdiction to reopen Alamo's habeas petition. The court does not have jurisdiction to reopen its previous habeas judgment under Article III.

**III. CONCLUSION**

The motion for equitable relief will be denied. An appropriate order follows.